IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALEXANDER BREWER, III                                                                                    PLAINTIFF

v.                                                                            CAUSE NO: 1:24-CV-141-SA-DAS

APAC-MISSISSIPPI, INC.                                                                                  DEFENDANT

ORDER

Alexander Brewer, III initiated this civil litigation when he filed his Complaint [2] asserting race discrimination against APAC-Mississippi in Lowndes County Circuit Court on March 19, 2024. APAC-Mississippi removed the case to this Court on July 29, 2024.

On October 4, 2024, Lindsey Watson, Esq., then-counsel for Brewer, filed a Motion to Withdraw as Attorney [9]. The Court entered an Order [11] granting Watson's request and giving Brewer until November 15, 2024 to obtain new counsel or file notice of his intent to proceed *pro se*. That deadline came and went without Brewer taking any action.

Therefore, on November 22, 2024, the Court entered an Order to Show Cause [12]. In that Order [12], the Court advised Brewer of its intent to terminate the case for failure to prosecute and failure to comply with an Order. The Court provided Brewer fourteen days to respond. Again, he failed to take any action. This Court then dismissed the case via an Order [14] entered on December 13, 2024.

On December 30, 2024, Brewer filed a Motion for Reconsideration [16]. The substantive portion of that Motion [16] provides: "I am requesting to cancel the Order Of Dismissal because I never received the notice. I am a Travel Technician and have been working in Greer, SC at BMW since September. I got this letter out of my mailbox when I returned home for the Christmas Holidays. I am seeking a new attorney at this time." [16] at p. 1. He provides no other substantive

argument to support this request.

The Court is unpersuaded. The Motion [16] identifies no actions in which Brewer has engaged to even attempt to prosecute the case since the commencement of this litigation. His temporary relocation does not, in this Court's view, justify the relief he now seeks. In fact, the Local Rules specifically place the burden on him to notify the Court of any address changes. *See* L. U. CIV. R. 11(a) ("Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes.").

Furthermore, it is his obligation, not this Court's obligation, to monitor the status of his case. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) ("Plaintiffs [have] a duty to inquire about the status of their case."); *see also Dantzler v. United States Dep't of Justice*, 223 WL 2770127, at *3 (E.D. La. Apr. 4, 2023) ("Even if [*pro se* plaintiff] did not permanently move addresses, and therefore intended to continue using his current address, his admitted failure to check his mail for 'a few months' and therefore to timely object to the U.S. Magistrate Judge's reports and recommendations, resulting in his claiming against the remaining defendants being dismissed without prejudice, does not present a 'manifest injustice.'"). The Court mailed all filings to him at the address listed on file. The failure to check the mail or monitor the status of the case falls squarely on Brewer's shoulders.

Ultimately, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration should only be granted if necessary to correct manifest errors of law or fact, the movant presents new evidence that was not previously available, the relief is necessary to prevent manifest injustice, or there is an intervening change in the controlling law. *See Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000). The extraordinary remedy of

reconsideration is not justified.

 The Motion [16] is DENIED. This case remains closed.

 SO ORDERED this the 30th day of May, 2025.

              /s/ Sharion Aycock      
              SENIOR UNITED STATES DISTRICT JUDGE